UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

STEVE VILLA,

                              Plaintiff,

v.                                           Civil Action No. :

SOUTHWEST CREDIT SYSTEMS, L.P.,

                              Defendants.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), and 28 U.S.C. § 133.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Steve Villa is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Southwest Credit Systems, L.P. (hereinafter "SCS") is a foreign limited partnership organized and existing under the laws of the State of Texas and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. The acts of the Defendant alleged hereinafter was performed by its employees acting within the scope of their actual or apparent authority.

7. Defendant regularly attempts to collect debts alleged to be due another.

8. All references to Defendant herein shall mean said Defendant or an employee of said Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff allegedly incurred a cable bill. This debt will be referred to as the "subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. Plaintiff allegedly defaulted on the subject debt.

12. That upon information and belief, Defendant sometime after the alleged default, was retained to collect on the alleged subject debt.

13. That in or about September 19, 2019, the Defendant sent the Plaintiff a letter attempting to collect the alleged subject debt.

14. The September 19, 2019 letter contains language that states "Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor."

15. In response to the September 19, 2019 letter, in or about September 30, 2019, Plaintiff sent a certified letter to Defendant advising them that he disputed owing the alleged debt and refused to pay it. Plaintiff sent the letter to: Southwest Credit Systems L.P. P.O. Box 650784 Dallas Texas 75265

16. On October 5, 2019, Defendant received the aforementioned dispute letter from the Plaintiff.

17. Despite receipt of the Plaintiff's dispute letter, Defendant continued to contact the Plaintiff in an attempt to collect the alleged subject debt by sending correspondence to the Plaintiff on or about October 9, 2019. The letter states, "On October 9, 2019, you disputed the referenced debt. You may obtain substantiation of this debt by sending your written request for substantiation to the following address: Southwest Credit Systems, L.P. PO Box 650784 Dallas, TX 75265-0784"

18. That after receiving the October 9, 2019 letter from the Defendant, Plaintiff was confused to both what his rights were and to the effectiveness of his dispute letter sent to the Defendant.

19. That as a result of Defendant's acts, Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

### V. CAUSE OF ACTION

20. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 19 above.

    A. Defendant violated 15 U.S.C. §1692e, 15U.S.C. §1692e(10) and 15 U.S.C. §1692g(b) by sending the Plaintiff the October 9, 2019 letter in which he was misled and confused to his validation rights pursuant to the FDCPA and it overshadowed the September 13, 2019 letter wherein it instructed the Plaintiff as to his validation rights under the FDCPA, the result of which caused him to question the sufficiency of his previously sent dispute letter.

    B. Defendant violated 15 U.S.C. §1692g(b) by continuing to contact the Plaintiff in an attempt to collect the alleged subject debt without first providing validation of the alleged subject debt

21. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages pursuant to 15 U.S.C. §1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(e) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: October 8, 2020

                                         /s/ Seth J. Andrews _____
                                         Seth J. Andrews, Esq.
                                         Kenneth R. Hiller, Esq.
                                         Law Offices of Kenneth Hiller, PLLC
                                         *Attorneys for the Plaintiff*
                                         6000 North Bailey Ave., Suite 1A
                                         Amherst, NY 14226
                                         (716) 564-3288
                                         Email:  sandrews@kennethhiller.com
                                         khiller@kennethhiller.com